STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **D.C., S.C., K.M., and D.M.**

**No. 15-0908** (Mineral County 15-JA-11, 15-JA-12, 15-JA-13, & 15-JA-14)

## MEMORANDUM DECISION

Petitioner Mother B.C., by counsel Jeremy B. Cooper, appeals the Circuit Court of Mineral County's August 24, 2015, order terminating her parental rights to thirteen-year-old D.C., eight-year-old S.C., seven-year-old K.M., and six-year-old D.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Haines, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in determining that the DHHR was not obligated to provide services and in terminating her parental rights without considering relative placement.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR received a referral that D.M. disclosed that she did not want to go home because she was afraid of being "burnt" by D.C. and K.M. Further, the referral noted that D.C. and K.M. recently held D.M. down and burned her right hip with a cigarette. The referral indicated that D.C. and K.M. sexually abused D.M. Based on these allegations, the DHHR filed an abuse and neglect petition alleging that petitioner failed to appropriately supervise and protect the children. The petition contained additional allegations that petitioner admitted that a prior abuse and neglect proceeding had been initiated because the children were perpetrating sexual acts with and/or against one another. Petitioner asserted that those conditions were remedied.

In July of 2015, the circuit court held an adjudicatory hearing. Dr. Bilal Itani testified that D.M.'s injury was consistent with a "third degree burn" caused by a "round heat source" such as

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

a cigarette. Mineral County Sheriff Deputy Kevin McKone corroborated Dr. Itani's testimony that D.M.'s injury was consistent with a cigarette burn. According to a service worker, D.M. also disclosed that K.M. touched her vagina with his penis on at least five occasions that D.C. inappropriately touched her vagina, and S.C. put his penis in her buttock. This worker further disclosed that petitioner was aware of the inappropriate behavior and specifically told D.M. that D.C. touched S.C.'s butt with his penis. The worker also testified that S.C. and D.C. inappropriately touched K.M. on at least ten separate occasions. Notably, the circuit court heard testimony that petitioner failed to maintain motion alarms in the children's bedrooms (to protect the children) as required in her prior abuse and neglect proceeding. By order entered July 17, 2015, the circuit court found that petitioner neglected the children.

Thereafter, the circuit court held a hearing on petitioner's motion for an improvement period. The DHHR proffered that there were no additional services that could be offered to petitioner because she received twelve to fourteen months of services in her prior abuse and neglect proceeding to address the same issues that formed the basis of the underlying petition. By order entered July 28, 2015, the circuit court denied petitioner's motion for an improvement period because it was not in the children's best interests.

In August of 2015, the circuit court held a dispositional hearing. The DHHR presented evidence of petitioner's Child Protective Services history regarding the children sexually abusing each other. The DHHR also presented testimony that the underlying issues of the children sexually abusing each other continue to exist despite petitioner receiving "the most extensive" services for more than one year in her prior proceeding. The circuit court also heard testimony that the DHHR contacted one biological family member as a possible placement. At the conclusion of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and the children's welfare required termination. By order entered on August 24, 2015, the circuit court terminated petitioner's parental rights to the children. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating her parental rights without implementing services in the underlying proceeding. Specifically, petitioner contends that the DHHR was required to offer her services absent a finding of "aggravated circumstances." While we agree that the circuit court did not find that aggravated circumstances existed in this case, a review of the appendix record reveals that there is sufficient evidence that the circuit court could have found aggravated circumstances existed. West Virginia Code § 49-4-604(b)(7) provides, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to . . . sexual abuse."

Here, the circuit court was presented with sufficient evidence that the circuit court could have found this case constituted aggravated circumstances. Petitioner admitted that she failed to maintain motion sensors in the children's bedrooms (as directed by her prior improvement period) and there was ample evidence that she was aware that the children were sexually abusing each other in this matter. Therefore, the DHHR was not required to make reasonable efforts to preserve the family. As such, we find no error in this regard.

Finally, petitioner argues that the circuit court erred in terminating her parental rights because the DHHR failed to include potential relative placements as part of the family case plan. With regard to family case plans, this Court has stated that

> "[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) (1984), is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003). We have also stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Furthermore, Rule 28(c)(2) of the Rules of Procedure for Child Abuse and Neglect provides that the report shall identify relatives "who were contacted about providing a suitable and safe permanent placement for the child." While petitioner is correct that her family case plan lacked this required information, we do not find reversible error on this issue under the specific limited facts of this case. The record on appeal is clear that the DHHR investigated several individuals that petitioner identified during her prior abuse and neglect proceeding. Importantly, it was discovered that these individuals

were not appropriate placements and the children had to be removed from their care. Further, a DHHR worker testified that they contacted a biological family member in Florida about placement. For these reasons, we cannot find that the child abuse and neglect rules have been substantially disregarded or frustrated such that reversal is required. Therefore, we find no reversible error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 24, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II